

FILED

IN THE UNITED STATES DISTRICT COURT FEB 2 0 2007
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER   1:07MS00069

UNITED STATES OF AMERICA,

JUDGE: Richard W. Roberts

v.

DECK TYPE: Miscellanous

GREGORY BELL, et al.,

DATE STAMP: 02/20/2007

## MOTION FOR PROTECTIVE ORDER

Edgewood Management Corporation, a nonparty to the above-referenced matter, hereby moves this Court to enter a protective order herein in regard to the Subpoena Duces Tecum issued by attorney James Beane on behalf of Defendant Gregory Bell.  In support of its Motion, Plaintiff relies upon the following:

1.    Fed. R. Crim. P. 16(d)(1);

2.    Fed. R. Crim. P. 17(c)(2);

3.    Fed. R. Crim. P. 47; and

4.    Statement of Points and Authorities in Support of Motion for Protective Order.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY:    /s/    Anne M. Magruder
       /s/    Michael J. Carmody, Esq.
       Anne M. Magruder          #265041
       Michael J. Carmody        #465703
       1889 Preston White Drive, Suite 200
       Reston, VA  20191
       (703) 766-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Protective Order, Statement of Points and Authorities in Support of Motion for Protective Order, and proposed Order was sent via first-class mail, postage prepaid, this 16th day of February 2007 to James Beane, Esq., 2715 M Street, NW, Suite 200, Washington, DC 20001 (Counsel for Defendant Gregory Bell), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

BY:    /s/    _Anne M. Magruder_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| GREGORY BELL, et al., | ) |
| | ) |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Edgewood Management Corporation ("Movant", which is a non-party to this case and who was improperly named in the subpoena as "Edgewood Management"[1]), has moved the court to enter a protective order in regard to the Subpoena Duces Tecum in a Criminal Case issued to "Edgewood Management" by counsel for Defendant Gregory Bell dated February 12, 2007 ("Subpoena"), pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure for the United States District Courts ("Rules"), as compliance with the Subpoena would subject the subpoenaed party to an unreasonable, oppressive, and undue burden.

### BRIEF BACKGROUND

Movant is the managing agent (landlord) for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C.  James Beane, Esq. ("Beane"), attorney for Defendant Gregory Bell, issued the above-referenced Subpoena, dated February 12, 2007, which was addressed as follows:

To:    Edgewood Management [sic]
       c/o Corporation Service Company
       1090 Vermont Avenue, NW
       Washington, DC 20005

---

[1] Movant objects to the service of defective process upon it insofar as there is no legally cognizable entity by the name of "Edgewood Management" and further insofar as the Subpoena at issue herein is not addressed to a custodian of the books and records for Movant.  Movant would agree to withdraw this objection provided that Counsel for Defendant Gregory Bell is willing to revise the Subpoena so that it is addressed to "Edgewood Management Corporation, as Agent and Custodian of Books & Records for Southeast Washington Development Associates LP and Southeast Washington Development Associates II LP d/b/a Congress Park Plaza Apartments, Congress Park Plaza I and Congress Park Plaza II."

On information and belief, an investigator employed by Beane hand-delivered the Subpoena to an employee at Corporation Service Company[2] on February 12, 2007. The Subpoena compels appearance and production of documents by Movant at 9:30 a.m. on February 20, 2007.[3] A copy of the Subpoena, including the attached List of Requested Documents is attached hereto as Exhibit 1 and incorporated herein by reference. The Subpoena was issued in regard to a criminal matter pending before this Court against Defendant Gregory Bell, and others, involving an organized criminal enterprise which stands charged with multiple counts of serious and violent felonies, including but not limited to murder.

<u>LEGAL STANDARD</u>

Rule 16 of the Federal Rules of Criminal Procedure ("Rules") provides in pertinent part that with respect to regulating discovery, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. . . ." Fed. R. Crim. P. 16(d)(1). Rule 17 provides that "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In considering this standard,

---

[2] Undersigned counsel for Movant learned on February 15, 2007 that Corporation Service Company apparently purchased United States Corporation Co. and now operates various registered agent businesses under several names including both United States Corporation Co. and Corporation Service Company. As a result, Movant concedes that service upon Corporation Service Company as registered agent for Movant appears to be valid notwithstanding the fact that corporate records maintained by the DC Department of Consumer and Regulatory Affairs lists United States Corporation Co. as Movant's registered agent.

[3] The deadline set by Beane to comply with the Subpoena allows a mere three (3) working business days to respond, given close of business caused by snow on February 14, 2007 and the Federal holiday on February 19, 2007. Thus the only business days available to Movant to comply with the Subpoena are February 13, 15, and 16.

the courts have generally followed the test expressed in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).  The Iozia test requires a party seeking a subpoena duces tecum to show the following: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a 'fishing expedition.'  See Cooper v. United States, 353 A.2d 696, 701 (D.C. 1975) (applying the Iozia test).

The Court has stated that limiting discovery is appropriate when the burden of providing the documents outweighs the need for it.  Wyoming v. U.S. Department of Agriculture, 208 F.R.D. 449, 452 (D.D.C.2002).  Undue burden is determined by reference to factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206-07 (D.D.C.2000).

ARGUMENT

The Subpoena issued by Beane includes a List of Requested Documents that includes a request number (1) seeking the following information, generally, in regard to various partially-disclosed tenants, former tenants, and employees (past and/or present) at Congress Park, as well as third party contractors and vendors that Movant may have done business with:

3

Information for the following people and/or apartments, including but not limited to: dates of birth; social security numbers; emergency contact information; forwarding addresses and phone numbers; all information on employment; all information on relatives; all notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations; and any and all information on business relationships or other relationships, including but not limited to: contracts, agreements, proposal, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documents.

See List of Requested Documents attached to Subpoena. The remainder of the List of Requested Documents goes on to list approximately eighteen (18) categories of persons or entities and to provide scant information from which a person or party responding to the Subpoena could respond. Of the eighteen categories, there is no time period prescribed for response, meaning that the respondent would have to provide a response covering all of time unless the Court orders a limited response.[4]

Movant is in the business of property management and is subject to various laws pertaining to confidentiality of personal information and tenant records. Movant must abide by all applicable privacy laws when dealing with its tenants' documents and personal information and cannot simply hand over the information without informing its tenants that such information has been requested and allowing its tenants the opportunity to object to the disclosure of such information. Thus Movant did send a short letter to each listed address and each person named in the subpoena who was actually a current resident at Congress Park, stating that the Subpoena had been issued and requesting that the tenants send their objections to the subpoena directly to Movant. Redacted copies of eight (8) such letters sent by Movant to the

---

[4] Pursuant to a telephone conference call on February 15, 2006 between Beane and counsel for Movant,

4

tenants are attached hereto collectively as Exhibit 2 and incorporated herein by reference. Movant then received objections from six (6) of the listed tenants, each stating that they did not want their personal information disclosed. Redacted copies of the letters received by Movant are attached hereto collectively as Exhibit 3 and incorporated herein by reference.

As a landlord, Movant collects private credit information about its tenants (including credit reports) – information that is restricted by federal privacy law and by DC laws from being disclosed without the consent of each tenant or upon receipt of a properly issued and properly served subpoena. See generally, 15 U.S.C.A. § 1681, et seq. (2003) (containing the text of the Fair Credit Reporting Act); D.C. Code § 42-1703 (2001) ("A Licensee engaged to manage real estate shall . . . [m]aintain confidentiality of all personal and financial information received from the client . . . .") (emphasis added); D.C. Code § 47-2853.193 ("A Licensee engaged by a landlord to lease property shall . . . [m]aintain confidentiality of all personal and financial information received from the client . . . .") (emphasis added); see also, 15 U.S.C.A. § 1681m (containing the text of the Fair and Accurate Credit Transactions Act of 2003).

Such information as collected could include social security numbers, employment verification (including salary information), employment history, emergency contact information, names and addresses of relatives, marital status, and educational background. Movant does not and will not release any portions of tenant files to third parties except pursuant to court order or with the consent of the affected tenant(s)/

---

Beane has agreed to limit the scope of his requests to the time period January 1, 1999 to present.

employee(s).  If Movant did release its tenants' and employees' social security

numbers, emergency contact information, spousal/marital status information,

information regarding tenants' and employees' relatives (to include their social security

numbers, etc.), tax documents, and law suits without the consent of the affected

tenant(s)/employee(s) and/or without a court order directing Movant to do so, Movant

would expose itself to great liabilities, especially if disclosure of that information lead to

personal injury (including death) or property damage involving any of the subjects of

the released information.

Movant would release such private credit-related information regarding its

tenants and employees if done pursuant to a court order; however, Movant believes

that release of specific information in response to the Subpoena should be limited

both in terms of the content released and in terms of the persons who are authorized

to have access to and use the released information.

Movant further believes that the Iozia test supports limiting disclosure of

information in Movant's possession.  Specifically, Beane has requested social security

numbers, emergency contact information, forwarding address information and phone

numbers, all information on employment, and all information on relatives of the

persons or entities listed in the List of Requested Documents.  Movant sees no

relevance to disclosure of any of this information.  In regard to financial records of

non-parties, a subpoena duces tecum seeking their private financial records is

"unreasonable and oppressive and against those persons' right of privacy and right to

keep confidential their financial affairs."  62A Am. Jur. 2d Privacy § 54 (citing Hecht v.

Pro-Football, Inc., 46 F.R.D. 605, 13 Fed. R. Serv. 2d 1123 (D.D.C. 1969)). In Hecht,

this very Court wrote:

> It will be noted that these requests seek private financial records of persons who are not parties to this action. . . . The right of privacy and the right to keep confidential one's financial affairs is well recognized. It seems to be part of human nature not to desire to disclose them. It is not privileged matter in the legal sense of the term, but even if the information is not privileged, and it is not, it still may be oppressive or unreasonable to require disclosure . . . . Modern civil procedure in the Federal courts contemplates liberal disclosure. Discovery is in the interest of justice. Nevertheless, discovery is not unbridled and not unlimited. There must be restrictions to protect individuals in their natural privacy.

46 F.R.D. at 607.

For example, insofar as the Subpoena requests tenant information regarding

persons who were not tenants at the time of the alleged criminal activity, it appears

unlikely that the request for production of materials with respect to such tenants is

relevant and/or is necessary to permit Beane to prepare for trial. Information about

these residents and their tenancies is completely irrelevant to the matter at hand.

Moreover, to request Movant to disclose not only the personal information of those

tenants (again, the ones who were not tenants at the time of alleged criminal activity)

but also personal information regarding the relatives and employers of those former

tenants is obviously nothing more than a fishing expedition by Beane and/or an

opportunity to harass, oppress, and frighten such persons.

In the instant case involving Movant, Beane's requests would fail the Iozia test

both in regard to relevance and due to the fact that some information is otherwise

procurable by Beane in advance of trial by exercise of due diligence. Moreover,

Beane has made no showing to Movant or this Court that the documents and information requested are needed to properly prepare for trial, that the request for production is made in good faith, or that this is anything other than a fishing expedition by Beane. Movant's tenants and employees have justifiable fear for their personal safety due to the nature of the alleged criminal activity in this matter, and Movant shares that fear given the nature of the charges against the Defendants and the allegations of murder, racketeering, distribution of narcotics, and/or other violent/dangerous crimes against persons. That fear certainly supports limiting disclosure of information and material that could cause harm to persons even if some of the material could actually assist Beane in representing his client; the fear also supports restricting the persons who are able to review the released information.

Thus Movant moves for a protective order not only to prevent release of confidential credit and financial information but also to protect innocent third parties who are not represented by counsel in regard to this matter and who do not have adequate resources or opportunities to voice directly to this Court their fear for their lives and personal safety. Any disclosure to Beane of information providing his client(s) with access to personal information regarding these innocent third parties could expose those persons to criminal acts, intimidation, harassment, and/or physical harm; as a result, this Court should limit disclosure of such information only upon a showing by Beane that the information sought is actually relevant now rather than potentially relevant if he was permitted to continue with a fishing expedition tailored in response to what Movant is required to release.

By way of example, Beane has made no showing to the effect that records maintained by Movant in regard to the following persons are likely to contain relevant information:

(a)    Gregory Bell (Beane requests any and all documents and information relating to his client):  All such information should be procurable reasonably in advance of trial by exercise of due diligence by Beane, as his client would have such information.

(b)    Rene Cunningham (Beane listed a possible address for the time period 1991-1992 and asserts that Rene Cunningham moved from Congress Park in 1998-1999):  At no time does Beane provide a social security number to distinguish this particular individual from any other tenant having the same name.

(c)    1303 Congress Street, Unit #30, SE, WDC (Beane limits the inquiry to June 2000 and asks for a copy of the lease and rental agreement in effect at that time along with an identification of the current resident):  Beane has made no showing that there even was a lease for this unit in June 2000, has failed to show how release of that lease would be relevant, and has failed to show how identification of the current resident is relevant or will assist Beane in preparation for trial.  Furthermore, on information and belief, the address 1303 Congress Street located in Southeast Washington, D.C. is not part of Congress Park and is not managed by Movant.

(d)    Gail Parson (Beane provided a social security number and date of birth): Beane has made no showing that there ever was a tenant or employee by the name of Gail Parson and has failed to show how release of information pertaining to this

9

individual would be relevant.

(e)    Toya Gibbs (Beane provides absolutely <u>no</u> information about this person from which Movant could distinguish the intended target from any other person): There has been no showing as to how release of information regarding this partially-disclosed person would be relevant.

(f)    3401 13th Place, SE, Unit #103 (Beane limits the inquiry to July 27, 2000 and asks for a copy of the lease and rental agreement in effect at that time along with an identification of the current resident):  Beane has made no showing that there even was a lease for this unit on July 27, 2000, has failed to show how release of that lease would be relevant, and has failed to show how identification of the current resident is relevant or will assist Beane in preparation for trial.

(g)    Charlette O'Brien (Beane indicates that this person may have moved out on April 15, 2004 and may have resided at 1326 Congress St., SE, #6):  Beane has made no showing that there ever was a tenant or employee by the name of Charlotte O'Brien and has failed to show how release of information pertaining to this individual would be relevant.

(h)    1330 Congress St., SE, Unit #5 (Beane limits the inquiry to April 4, 2004 and asks for a copy of the lease and rental agreement in effect at that time along with an identification of the current resident):  Beane has made no showing that there even was a lease for this unit on April 4, 2004, has failed to show how release of that lease would be relevant, and has failed to show how identification of the current resident is relevant or will assist Beane in preparation for trial.

(i)    Mary M. McClendon (Beane provides only a date of birth):  Beane has made no showing that there ever was a tenant or employee by the name of Mary M. McClendon and has failed to show how release of information pertaining to this individual would be relevant.  Furthermore, on information and belief, Mary M. McClendon is a co-defendant to this action and is represented by counsel, and Movant requests that the Court direct Beane to address discovery issues pertaining to Mary M. McClendon to counsel for Mary M. McClendon.

(j)    3408 13th Place, SE, Unit #204 (Beane limits the inquiry to October 4, 2004 and asks for a copy of the lease and rental agreement in effect at that time):  Beane has made no showing that there even was a lease for this unit on October 4, 2004 and has failed to show how release of that lease would be relevant.

(k)    Edgewood Management Employee Pete Clark (Beane indicates that this person was employed in 2000-2004, perhaps at the rental office or as grounds manager, and states that he was the supervisor for Gregory Bell):  On information and belief, Pete Clark is represented by counsel, Daniel Marino (1275 Pennsylvania Avenue, NW, Washington, DC  20004-2415 ((202) 383-0162)), and Movant requests that the Court direct Beane to address discovery issues pertaining to Pete Clark to counsel for Pete Clark.  Furthermore, Beane has failed to demonstrate how release of any information pertaining to Pete Clark would be relevant.

(l)    Continental Pools; Hamel Construction; Eagle Technologies/Security; and Edgewood Security Management (Beane seeks disclosure regarding contacts with these companies by Movant as well as contact information for the companies):

Movant would not object to disclosure of such information pertaining to third party

corporate vendors or contractors provided the response is limited in time.

(m)    Other Businesses Edgewood Management May Have Interacted With

(Beane lists five (5) businesses but states that the request is not limited to those five):

 This request is certainly over broad, unreasonable, and oppressive.  By this request,

Beane has requested disclosure of every business transaction – both consummated

transactions and merely contemplated transactions (to the extent those contemplated

transactions involved an "interaction") – with any and all businesses for all of time.

Again, there is no showing of relevance by Beane.

(n)    Edgewood Management Employee: Bonnie Williams (Beane provides

absolutely no information about this person from which Movant could distinguish the

intended target from any other person):  There has been no showing as to how

release of information regarding this partially-disclosed person would be relevant.

(o)    Shooting, Murders, Etc. (Beane requests information pertaining to "all

incidents of shootings, murders, or other acts of violence in the Congress Park

housing that is under Edgewood Management and that there would be records for

such incidents for the period 2000 to 2004"):  This request is certainly over broad,

unreasonable, and oppressive.  By this request, Beane has requested disclosure of

every act of violence[5] ever committed at Congress Park for all of time.  Certainly,

Beane could obtain information of this nature from police reports for the property and

---

[5] At no time does Beane define what he would consider or have this Court consider to be an "act of violence."  For example, while an incident involving alleged spousal abuse could constitute an "act of violence," there is no showing by Beane how a single incident of spousal abuse – perhaps one involving

12

could then limit his request to any acts or violations that may actually be relevant, if any, to this trial.

The subpoena is also unduly burdensome and oppressive due to the extent and nature of the documents requested. Movant stores its various records that could be responsive to Beane's requests in numerous sites, including files at Congress Park, files at Movant's main corporate offices, and perhaps with a third party long-term storage facility, Movant has already provided undersigned counsel with thousands of pages for review in responding to the requests, and Movant advises that there are thousands of more pages of documents to review. All work performed by Movant in response to the Subpoena is at Movant's expense, and Movant has one paralegal devoted to responding to the Subpoena full-time. In addition, Movant has incurred and will incur thousands of dollars in attorneys' fees in seeking to limit responses to the Subpoena – legal fees that will not be recovered by Movant. Movant advises that it will take at least an additional three (3) weeks to continue to review documents maintained in all files at all sites in order to determine whether Movant has documents responsive to the requests, yet Beane has allowed a mere three (3) business days for complete response. See note 3, supra. In regard to reducing the burden and expense being imposed upon Movant, Movant requests that the Court permit Movant to provide its responses to Beane's Subpoena, as modified by the Protective Order, in a digital/electronic format (i.e., computer disk(s) and/or .pdf scans of documents) just as Movant provided responses to the United States Government in response to its

---

a tenant at Congress Park – would be relevant to his defense of Gregory Bell.



prior subpoenas to Movant; doing so would have the additional benefit of expediting responses to Beane.

CONCLUSION

The Subpoena's request is far too broad, and does not specify any individual documents or items to be produced, but instead lists broad, generalized categories of information, targeting partially-disclosed persons and seeking to force release of financial information and credit information that is protected under Federal and state privacy laws.  The Subpoena should be revised and the response to the Subpoena limited pursuant to the attached Protective Order because the Subpoena seeks release of protected information that is protected under privacy laws, and because the Subpoena's overly broad requests for irrelevant, vague, and generalized information impose an unreasonable, oppressive, and undue burden on Movant.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY:    /s/    Anne M. Magruder
       /s/    Michael J. Carmody, Esq.
       Anne M. Magruder          #265041
       Michael J. Carmody        #455703
       1889 Preston White Dr., Ste 200
       Reston, VA 20191
       (703) 766-4400

E49991.020

14

# United States District Court

_____ DISTRICT OF _____

IN FORMA PAUPERIS

<u>DUCES TECUM</u>

### UNITED STATES OF AMERICA

### V.

ANTWUAN BALL, et al.

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER:  CR 05-100 (03)

TO:   Edgewood Management
      c/o Corporation Service Company
      1090 Vermont Avenue, NW
      Washington, DC 20005



EXHIBIT

1

☒  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | | COURTROOM |
|---|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | | Judge Roberts #22-A |
| | | **DATE AND TIME** |
| | | February 20, 2007 at 9:30 AM |

☒  **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or objects(s):

**PLEASE SEE ATTACHED**



| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (By) Deputy Clerk | 02/12/07 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001  (202) 333-5905

## RETURN OF SERVICE (1)

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |
| **SERVED** | DATE | PLACE |

**SERVED ON (PRINT NAME)**

| **SERVED BY (PRINT NAME)** | **TITLE** |
|---|---|
| | |

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER (2)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service is true and correct.

Executed on _____     _____
                            *Date*                                  *Signature of Server*

                                         _____
                                              *Address of Server*

**ADDITIONAL INFORMATION**

(1) As is who may serve a subpoena and the manner of its service see Rule 17 (d)., Federal Rules of Criminal Procedure, or Rule 45 C, Federal Rules of Civil Procedure.

(2) "Fees and mileage may not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45 (e). Federal Rules of Civil Procedure Rule 17 (d), Federal Rules of Criminal Procedures or on behalf of certain indigent parties and criminal Defendants who are unable to pay such costs (28 USC 1025. Rule 17 (b) Federal Rules of Criminal Procedures)"

## LIST OF REQUESTED DOCUMENTS
### ATTACHMENT TO FEDERAL SUBPOENA
### CASE NUMBER: CR 05-100 (03)
Served by Joseph H. Aronstamn, Private Investigator
Records to Be Obtained From
Edgewood Management
Subpoena dated 02/12/07

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
   1.1. **Dates of Birth**
   1.2. **Social Security Numbers**
   1.3. **Emergency contact** information
   1.4. **Forwarding addresses and phone numbers**
   1.5. **All information on employment,** including but not limited to, name, address and telephone number of employer and dates of employment.
   1.6. **All information on relatives,** including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
   1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.**
   1.8. **Any and all information on business relationships or other relationships,** including but not limited to; contracts, agreements, proposals, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documentation

2. **GREGORY BELL**
   2.1. Any and all records regarding Gregory Bell, including but not limited to;
      2.1.1. Employment records
      2.1.2. Proposals of business models submitted to Edgewood
      2.1.3. Involvement in any companies, organizations or other entities contracted or having business dealings with Edgewood Management
      2.1.4. Any notes, reports, memos or other materials

3. **RENE CUNNINGHAM**
   3.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
   3.2. Moved from Congress Park in 1998/1999

4. **1303 CONGRESS ST, UNIT #30, SE WDC**
   4.1. For the time period of June 2000
   4.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
   4.3. Who resides there now?

5. **GAIL PARSON**
   5.1. DOB: 8/12/60
   5.2. SSN: 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

6. **TOYA GIBBS**

7. **3401 13TH PL, SE UNIT #103**
   7.1. For the time period July 27, 2000
   7.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
   7.3. Who resides there now?

8. **CHARLETTE O'BRIEN**
   8.1. Moved out on 4/15/2004
   8.2. May have resided at 1326 Congress St, SE #6

9. **1330 CONGRESS ST, SE, UNIT #5**
   9.1. For the time period April 4, 2004
   9.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
   9.3. Who resides there now?

10. **MARY M. MCCLENDON**
    8.1 Date of Birth: 01/12/1952

11. **3408 13TH PL, SE UNIT #204**
    9.1 For the time period October 4, 2004
    9.2 Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

12. **EDGEWOOD MANAGEMENT EMPLOYEE PETE CLARK**
    12.1. He worked there approximately 2000-2004
    12.2. Possibly manager at rental office? Possibly grounds manager?
    12.3. *Supervisor for Gregory Bell*

13. **CONTINENTAL POOLS**
    13.1. Information on contacts with this company by Edgewood Management
    13.2. Contact information for this company

14. **HAMEL CONSTRUCTION**
    14.1. Information on contacts with this company by Edgewood Management
    14.2. Contact information for this company

15. **EAGLE TECHNOLOGIES /SECURITY**
    15.1. Information on contacts with this company by Edgewood Management
    15.2. Contact information for this company

16. **EDGEWOOD SECURITY MANAGEMENT**
    16.1. Security contract through Antwuan Ball's organization.

17. **OTHER BUSINESSES EDGEWOOD MANAGEMENT MAY HAVE INTERACTED WITH (Including but not limited to the following)**
    17.1. Making a Neighborhood Network
    17.2. Changing Neighborhoods into Communities,
    17.3. Capital Area Food bank
    17.4. Kimsey Foundation
    17.5. Step Foundation

18. **EDGEWOOD MANAGEMENT EMPLOYEE: BONNIE WILLIAMS**

19. **SHOOTINGS, MURDERS, ETC.**
    a. Any and all incidents of shootings, murders, or other acts of violence in the Congress Park housing that is under Edgewood Management and that there would be records for such incidents for the time period 2000 to 2004.

# United States District Court

━━━━━━━━━━━━━ DISTRICT OF ━━━━━━━━━━━━━

IN FORMA PAUPERIS                                   DUCES TECUM

UNITED STATES OF AMERICA                   **SUBPOENA IN A**

V.                                         **CRIMINAL CASE**

ANTWUAN BALL, et al.                CASE NUMBER:  CR 05-100 (03)

**TO:**   Custodian of Records
          Edgewood Management
          8403 Colesville Road
          Silver Spring, MD. 20910 (301) 562-1600

▓  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | |
|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | **COURTROOM** Judge Roberts #22-A |
| | **DATE AND TIME** January 22, 2007 at 9:30 AM |

▓  **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or objects(s):

**PLEASE SEE ATTACHED LIST OF REQUESTED DOCUMENTS**

\*  PRODUCTION OF THESE RECORDS MAY RELEASE THE NAMED PARTY FROM APPEARING IN
   COURT — Records may be turned over to Joseph H. Aronstamn, Investigator
   1718 M Street, NW, #218, Washington, DC 20036 (202) 368-3766



| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (BY) DEPUTY CLERK | 01/16/07 |
| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER | |

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001 (202) 333-5905

# RETURN OF SERVICE [1]

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | 1/16/07 | U.S. DISTRICT COURT |
| **SERVED** | 1/16/07 | CORPORATION SERVICES COMPANY 1090 VT. AVE, NW WDC 20005 202-408-3121 EXT.12 |

**SERVED ON (PRINT NAME)**

RENEE RICE

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| JOE ARONSTAMN | PRIVATE INVESTIGATOR |

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER [2]

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service is true and correct.

Executed on    _1/16/07_      _____
             _Date_                             _Signature of Server_

              1718 M ST, NW # 218, WDC 20036
                             _Address of Server_

**ADDITIONAL INFORMATION**

CORPORATION SERVICES COMPANY
IS REGISTERED AGENT
FOR EDGEWOOD MANAGEMENT

---

(1) As is who may serve a subpoena and the manner of its service see Rule 17 (d)., Federal Rules of Criminal Procedure, or Rule 45 ©, Federal Rules of Civil Procedure.

(2) "Fees and mileage may not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45 (c). Federal Rules of Civil Procedure Rule 17 (d). Federal Rules of Criminal Procedures or on behalf of certain indigent parties and criminal Defendants who are unable to pay such costs (28 USC 1025, Rule 17 (b) Federal Rules of Criminal Procedures)"

## ATTACHMENT TO FEDERAL SUBPOENA
### CASE NUMBER: CR 05-100 (03)
Served by Joseph H. Aronstamn, Private Investigator
Records to Be Obtained From
Edgewood Management
Subpoena dated 01/16/07

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
   1.1. **Dates of Birth**
   1.2. **Social Security Numbers**
   1.3. **Emergency contact** information
   1.4. **Forwarding addresses and phone numbers**
   1.5. **All information on employment,** including but not limited to, name, address and telephone number of employer and dates of employment.
   1.6. **All information on relatives,** including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
   1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.**

2. **RENE CUNNINGHAM**
   2.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
   2.2. Moved from Congress Park in 1998/1999

3. **1303 CONGRESS ST, UNIT #30, SE WDC**
   3.1. For the time period of June 2000
   3.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
   3.3. Who resides there now?

4. **GALE/GAIL PARSONS/PARSON**
   4.1. May have resided at 3401 13th Pl, SE Unit #103
   4.2. Date of Birth *may be*: 08/12/1960

5. **3401 13TH PL, SE UNIT #103**
   5.1. For the time period July 27, 2000
   5.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
   5.3. Who resides there now?

6. **CHARLETTE O'BRIEN**
   6.1. Moved out on 4/15/2004
   6.2. May have resided at 1326 Congress St, SE #6

7. **1330 CONGRESS ST, SE, UNIT #5**
   7.1. For the time period April 4, 2004
   7.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
   7.3. Who resides there now?

AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)

Page 2 of 2

8. **MARY M. MCCLENDON**
   8.1 Date of Birth: 01/12/1952

9. **3408 13TH PL, SE UNIT #204**
   9.1 For the time period October 4, 2004
   9.2 Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

10. **EDGEWOOD MANAGEMENT EMPLOYEE W/FIRST NAME "PETE"**
    10.1. This employee's first name was/is Pete
    10.2. He worked there approximately 2000-2004
    *10.3. Supervisor for Gregory Bell*

11. **CONTINENTAL POOLS**
    11.1. Information on contacts with this company by Edgewood Management
    11.2. Contact information for this company

12. **HAMEL CONSTRUCTION**
    12.1. Information on contacts with this company by Edgewood Management
    12.2. Contact information for this company

13. **EAGLE TECHNOLOGIES /SECURITY**
    13.1. Information on contacts with this company by Edgewood Management
    13.2. Contact information for this company

14. **THE S.T.E.P. FOUNDATION**
    14.1. Information on contacts with this company by Edgewood Management
    14.2. All known persons who were involved in the S.T.E.P program, including all contact and other identifying information such as dates of birth, social security numbers, etc. as outlined in #1.



# Congress Park Plaza

EXHIBIT

2

**VIA FIRST-CLASS MAIL**

December 21, 2006

1326 Congress Street, SE
Washington, DC 20032

Re:   **SUBPOENA DUCES TECUM**
      <u>Case No: CR 05-100</u>

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
       De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

███████████

1326 Congress Street, SE ██
Washington, DC 20032

Re:   **SUBPOENA DUCES TECUM**
      Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E49991.018



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

███████████

1330 Congress Street, SE #5
Washington, DC 20032

> Re:   **SUBPOENA DUCES TECUM**
>       Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park").  Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena.  Please contact the management office to state any and all objections to the subpoena by December 26, 2006.  Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E49991.018

  1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397



# Congress Park Plaza

VIA FIRST-CLASS MAIL

December 21, 2006

▮▮▮▮▮▮
3406 13th Place, SE ▮▮▮▮
Washington, DC 20032

Re:  **SUBPOENA DUCES TECUM**
     Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
    De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:   Magruder & Associates, P.C.
E49991.018



 # Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

3406 13th Place, SE
Washington, DC 20032

Re:     **SUBPOENA DUCES TECUM**
         Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
         De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:     Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

▓▓▓▓▓▓▓▓▓▓
3408 13th Place, SE #204
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
       Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
    De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397



# Congress Park Plaza

**VIA FIRST-CLASS MAIL**

December 21, 2006

1333 Savannah Street, SE
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
       Case No: CR 05-100

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
    De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397



# Congress Park Plaza

<u>**VIA FIRST-CLASS MAIL**</u>

December 21, 2006

███████████
3401 13th Place, SE #103
Washington, DC 20032

Re:    **SUBPOENA DUCES TECUM**
<u>Case No: CR 05-100</u>

Dear Resident(s):

Edgewood Management Corporation ("Landlord") has received the attached subpoena requesting information regarding your tenancy at Congress Park Apartments ("Congress Park"). Attached you will find a copy of a Subpoena Duces Tecum ("Subpoena"), which requests documents and records from Landlord regarding your personal information from your tenant file.

If you have any objection to the provision of these records and documents pursuant to the Subpoena, please contact the undersigned as soon as possible, so that Landlord may object to the requests listed in the Subpoena. Please contact the management office to state any and all objections to the subpoena by December 26, 2006. Please put your objections in writing, including your name and contact information, and explain which objectionable portions of the Subpoena apply to you.

Sincerely yours,

EDGEWOOD MANAGEMENT CORPORATION

By: _____
De'Cola Jones, Community Manager

AMM:hrs
Enclosure
cc:    Magruder & Associates, P.C.
E49991.018

1345 Savannah Street SE, Washington, D.C. 20032 • (202) 574-4633 • Fax (202) 574-1397



**EXHIBIT**

**3**

To Whom it MAY CONCERN:

I RECIEVED a Summons for information RELEASED ON PERSONS WHO have RESIDED at MY RESIDENCE.

I ██████████ chose not to RELEASE iN for mation ON MYSELF however I will RELEASE iN formation ON MY SONS who PREVIOUSLY RESIDED WITH ME

██████████  ██████████

██████████ Forwarding Address

██████████  ██████████

Forwarding ADDRESS

██████████

12/21/06

To Whom it May Concern
I Am writing this letter to
say that I don't NO Nothing
about this case. and I don't
want nobody with my Infor-
mation under NO circumstances
If there are any question Cont...

Dec 22/06
3406 - 13th pl SE
DC 20032

To Whom it may concern
I cannot
attend court because of my
health of high blood pressure and
I'm on a kind of life machine and
can not walk like I want to
and I don't know the person
you are telling about and is
trouble at time whenever go out
side I'm under the doctor
care I have attacks in my
sleep and my heart to I will

P.s with the medicine I take
it makes me sleep.
① Glipizide
② Lisinop/HCTz
③ Lisinopril

December 21, 2006

To whom it may concern,

My name is ▮▮▮▮▮▮▮▮
I reside at 1330 Congress St
SE▮ Washington D.C. 20032

I moved into my apartment
June 1, 2006. I did not no previous
occupants nor did I no the defendants.

I have no knowledge of any of said
proceedings and can be of no help
at all in any of your court situation.

Thank You

▮▮▮▮▮▮▮▮▮▮▮▮

Dec 21, 2006

Mead

12·26·06

To Whom It May Concern,

I ███████ have No Knowledge of Who this Antwan Bell person is never seen him Never even heard of him until the U.S. Marshalls showed up at my door 1326 Congress St. SE ███ Wash. DC 20032 Looking for him. He does Not reside with me and my 6 Children ███████████████████

I ████████████ resident of
3406 13th PL S E # ██████ hereby Formally
deny the request for all records in regords
to my tenancy at the above stated
address For criminal case CR05-100
as request by Subpoena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| GREGORY BELL, <u>et al.</u>, | ) | |
| | ) | |

## ORDER

The Court, having considered the Motion for Protective Order filed by

Edgewood Management Corporation ("Movant"), and it appearing to the Court, for

good cause shown, that the Subpoena Duces Tecum issued by attorney James Beane

on February 12, 2007 ("Subpoena") would subject the subpoenaed party to an

unreasonable, oppressive, and undue burden, it is this ___ day of _____

2007 hereby

ORDERED that the Motion for Protective Order be, and the same hereby is,

**GRANTED**; and it is further

ORDERED that the Subpoena Duces Tecum issued to "Edgewood

Management" by counsel for Defendant Gregory Bell dated February 12, 2007 be, and

is hereby, revised so that it is addressed to "Edgewood Management Corporation, as

Agent and Custodian of Books & Records for Southeast Washington Development

Associates LP and Southeast Washington Development Associates II LP d/b/a

Congress Park Plaza Apartments, Congress Park Plaza I and Congress Park Plaza II";

and it is further

ORDERED that the List of Requested Documents attached to the Subpoena be

and hereby is revised so as to limit the scope of disclosure in response thereto to the

time period January 1, 1999 to present only as to all requests; and it is further

ORDERED that the List of Requested Documents attached to the Subpoena be and hereby is revised so as to delete the following requests/items/categories in their entireties: numbers 2 – 12 and 17 – 19 such that Movant shall produce documents in response to the Subpoena to James Beane, as counsel for Defendant Gregory Bell with respect to requests/items/categories numbered 1 and 13 – 16 only; and it is further

ORDERED that Movant shall provide James Beane with whatever responsive documents it has to requests/items/categories numbered 1 and 13 – 16 only as of February 28, 2007 and shall have an additional thirty (30) days to supplement its response; and it is further

ORDERED that Movant may provide James Beane with its responsive documents in a digital/electronic format (*i.e.*, computer disk(s) and/or .pdf scans of documents) in order to reduce the financial impact of production upon Movant (just as Movant provided responses to the United States Government in response to its prior subpoenas to Movant); and it is further

ORDERED that <u>any and all</u> documents or other information of any kind no matter how released to James Beane or in what media shall be used only by James Beane and his law partners and associates, legal assistants, paralegals, and investigators (including Joseph Aronstamn) <u>only</u> and shall not be released, shown, copied, or otherwise shared with any of the defendants or witnesses for the defendants in this case, with all such records as disclosed by Movant to James Beane shall be maintained with confidentiality and under seal, both as a result of Federal and state privacy laws and as a result of this Court order, so as to prevent to any person or entity unless specifically authorized in writing by this Court (with the records to be disposed of following their use in accordance with the Fair and Accurate Credit

Transactions Act of 2003; and it is further

ORDERED that any failure to comply with any provision of this Protective Order

will result in the imposition of sanctions, including but not limited to, a finding of

contempt and an award of any reasonable expenses incurred by the opposing party

that that are necessary to correct any violation of this Protective Order.


_____
Judge, United States District Court for the District of
Columbia


Copies to:

Anne M. Magruder, Esq.
Michael J. Carmody, Esq.
Magruder & Associates, P.C.
1889 Preston White Drive, Suite 200
Reston, VA  20191

James Beane, Esq.
2715 M Street, NW
Suite 200
Washington, DC 20001

Glenn Leon
Assistant US Attorney
U.S. Attorney's Office
555 Fourth Street, N.W.
Room 4112
Washington, DC 20530