IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | )    Misc. No.: 1:07 MS 00069 <br> ) |
| GREGORY BELL, et al., | ) <br> ) <br> ) |

**MOTION FOR PROTECTIVE ORDER**

Wallace "Pete" Clark moves this Court to enter a protective order pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure in regard to the Subpoena in a Criminal Case issued to Edgewood Management by counsel for Defendant Gregory Bell seeking irrelevant and private information relating to Mr. Clark and his relatives by preventing the disclosure of any information relating to Mr. Clark or his relatives. In support of his Motion, Mr. Clark relies upon the following:

1. Fed. R. Crim. P. 16(d);

2. Fed. R. Crim. P. 17(c);

3. Statement of Points and Authorities in Support of Motion for Protective Order.

Respectfully submitted,

Attorneys for Wallace "Pete" Clark

*[signature]*

Daniel Marino, Bar No. 416711
Sarah E. Kleven, Bar No. 493443
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave. NW
Washington, D.C. 20004
202.383.0100

**RECEIVED**

FEB 21 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WO 698091.1

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Misc. No.: 1:07 MS 00069 |
| GREGORY BELL, et al., | ) ) ) | |

**CLARK'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

    Wallace "Pete" Clark, a subpoenaed trial witness, has moved this Court to enter a protective order pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure in regard to the Subpoena in a Criminal Case issued to Edgewood Management by counsel for Defendant Gregory Bell seeking irrelevant and private information relating to Mr. Clark and his relatives.

**BACKGROUND**

    Mr. Clark, a non-party to the case, learned that Defendant Bell issued a subpoena to Mr. Clark's employer, Edgewood Management Corporation, requesting broad categories of private information relating to Mr. Clark and his relatives, including Mr. Clark's date of birth, social security number, emergency contact information, forwarding addresses and phone numbers, all information on employment, all information on relatives (including "names, addresses, phone numbers, dates of birth, social security numbers, spouses, employment, schools, etc."), all documents relating to lawsuits etc., and all information regarding business relationships (including contracts, agreements, proposals, negotiations, letters, emails, time cards, W-2 forms, tax documents, etc.). It is Mr. Clark's understanding that the subpoena was issued in connection with a criminal

WO 698761.1

1

matter against Defendant Bell for distribution of drugs, possession of weapons, and multiple violent acts, including but not limited to murder. Defendant Bell's sweeping request for information relating to Mr. Clark and his family should be rejected or at least severely limited because the information sought by Defendant Bell is private, not relevant, lacks adequate specificity, and has no bearing on Defendant Bell's ability to prepare for trial. Moreover, Defendant Bell's excessive document request is nothing more than a fishing expedition, which would create psychological anxiety for Mr. Clark and his loved ones, even risking physical harm, and reveal irrelevant private information regarding Mr. Clark, his employment, and finances.

## ARGUMENT

It is settled law that Federal Rule of Criminal Procedure 17(c) is not intended to operate as a discovery device, but simply is meant "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." See United States v. Libby, 432 F.Supp.2d 26, 30 (D.D.C. 2006); United States v. Nixon, 418 U.S. 683, 698-99 (1974). Federal Rule of Criminal Procedure 16(d) directs that: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Federal Rule 17(c)(2) further provides that "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

With this process in mind, federal courts have established guidelines for analyzing criminal subpoenas duces tecum. The most widely used standard comes from United States v. Iozia. 13 F.R.D. 335, 338 (S.D.N.Y. 1952). The Iozia court reasoned that good cause requires a showing: 1) that the documents are evidentiary and relevant; 2) that they

are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence; 3) that the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and 4) that the application is made in good faith and is not intended as a general fishing expedition. Id. at 338. The Supreme Court, in United States v. Nixon, discussed the Iozia standard and then apparently refined it, identifying "three hurdles" to show good cause under Rule 17(c): 1) relevancy, 2) admissibility, and 3) specificity. 418 U.S. at 700. In United States v. Libby, this Court repeated the Supreme Court's formulation: it first laid out the Iozia standard and then concluded that the Iozia factors guided the Supreme Court's creation of the "three hurdles," or three prong test of relevancy, admissibility, and specificity. 432 F.Supp.2d at 31. The Libby Court explained that a "subpoena that fails to satisfy these three requirements will be deemed unreasonable or oppressive and must be either quashed or modified." Id.

Defendant Bell's requests relating to Mr. Clark certainly do not clear the hurdles of Nixon or pass Iozia's standard. The majority of information requested relating to Mr. Clark is private and falls far outside the scope of relevance. Defendant Bell seeks the following information relating to Mr. Clark:

    1.1    Dates of Birth
    1.2    Social Security Numbers
    1.3    Emergency contact information
    1.4    Forwarding addresses and phone numbers
    1.5    All information on employment, including but not limited to, name, address and telephone number of employer and dates of employment.
    1.6    All information on relatives, including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.

      1.7    All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.

      1.8    Any and all information on business relationships or other relationships, including but not limited to; contracts, agreements, proposals, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documentation

2/12/07 Subpoena, Attachment (attached hereto as Exhibit A).

A simple review of the information reveals that it is irrelevant. The relevance prong of the three-part test "requires the Court to assess whether the documents sought have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence.'" Libby, 432 F.Supp.2d at 31 (citing Federal Rule of Evidence 401).

Mr. Clark's date of birth (1.1), social security number (1.2), emergency contact information (1.3), and forwarding information (1.4) is all private personal information that has no relevance to Defendant Bell's case. Should Defendant Bell need to contact Mr. Clark he can do so through Mr. Clark's counsel. There is no basis for providing personal contact and identifying information of Mr. Clark, a subpoenaed trial witness, to a Defendant on trial for multiple violent acts.

Defendant Bell seeks similar personal information (1.6) for all of Mr. Clark's relatives. This request is even further-fetched than the request for Mr. Clark's personal information. Certainly, there is no justification for providing the personal information, including social security numbers and schools, of the relatives of an Edgewood employee and trial witness. One can hardly imagine how turning this private and irrelevant information over to a criminal defendant accused of violent acts could serve any purpose

WO 698761.1

4

other than to cause psychological angst and possibly even place Mr. Clark's loved ones at risk of physical harm.

Defendant Bell also seeks detailed information regarding Mr. Clark's tax documents (1.8), financial information (1.8), and employment history (1.5, 1.8). It is hard to imagine how Mr. Clark's income and tax history are relevant to Defendant Bell. This Court recognizes "the right to privacy and the right to keep confidential one's financial affairs." Hecht v. Pro-Football, In.c, 46 F.R.D. 605, 607 (D.D.C. 1969) (refusing to require the disclosure of private financial records of non-parties in response to a subpoena duces tecum). There is no basis for violating Mr. Clark's privacy rights relating to his financial information and tax history.

To the extent that Mr. Clark may have worked for Edgewood during the time period at issue in the criminal case, it is still far from clear how Mr. Clark's time cards, dates of employment, employment contract, notes, memos, letters, emails, and files are relevant to Defendant Bell's case or defense. Similar to this Court's concerns regarding the privacy inherent in non-parties' financial information, other courts have recognized the same privacy interest in non-parties' employment records. United States v. Dale, 155 F.R.D. 149, 151 (S.D. Miss. 1994). Defendant Bell is obligated to make a showing of relevance to the Court before any of Mr. Clark's private employment information is released.[1] The Court should not permit a fishing expedition into the employment history of a third party.

---

[1] Even if Defendant Bell can demonstrate that certain of Mr. Clark's employment records could possibly be relevant to the case, it is routine for Courts to conduct an in camera inspection of the documents to determine whether they in fact contain relevant information before the personal employment information of a third party is disclosed.

The documents sought in 1.5 and 1.8 are not only irrelevant but they lack the required specificity of Rule 17(c). As described above, in addition to being relevant, a request for information must be specific. Defendant Bell seeks "all information on employment" and "any and all information on business relationships or other relationships, . . . and any and all documentation." Neither Mr. Clark nor this Court can properly evaluate what Defendant Bell is seeking regarding Mr. Clark's employment because of the overly inclusive nature of Defendant Bell's request. The law does not tolerate such requests: "if the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." Libby, 432 F.Supp.2d at 31 (internal citations omitted).

It appears that category 1.7, which requests documentation relating to rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations, does not apply to Mr. Clark. That fact simply demonstrates that Defendant Bell's requests seek irrelevant information and lack the specificity required by the Supreme Court.

Defendant Bell's requests are not tailored to obtain information that is necessary to expedite the trial by providing a time and place for the inspection of subpoenaed materials, as the Rules intended. See United States v. Libby, 432 F.Supp.2d 26, 30 (D.D.C. 2006); United States v. Nixon, 418 U.S. 683, 698-99 (1974). Rather, they seek irrelevant information and lack specificity, failing to clear two of Nixon's hurdles. They

---

See United States v. Dale, 155 F.R.D. 149, 152 (S.D. Miss. 1994); Davis v. United States, 315 A.2d 157, 162 (D.C. App. 1974).

are the epitome of a fishing expedition.  See United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).  These irrelevant and overbroad requests make it impossible for this Court to even analyze whether they clear Nixon's final hurdle: that the information is admissible at trial.  Accordingly, Defendant Bell cannot carry his burden and the subpoena must be modified to the extent that it seeks information relating to Mr. Clark.

## CONCLUSION

Defendant Bell's document requests seek personal information for Mr. Clark and his family and Mr. Clark's private financial and employment information.  They are irrelevant and fatally non-specific.  Mr. Clark respectfully requests that this Court modify Defendant Bell's Criminal Subpoena Duces Tecum to prevent the disclosure of information relating to Mr. Clark or his relatives.

                Respectfully submitted,

                Attorneys for Wallace "Pete" Clark

                Daniel Marino, Bar No. 416711
                Sarah E. Kleven, Bar No. 493443
                Sutherland Asbill & Brennan LLP
                1275 Pennsylvania Ave. NW
                Washington, D.C.  20004
                202.383.0100

# United States District Court

_____ DISTRICT OF _____

| | |
|---|---|
| IN FORMA PAUPERIS | DUCES TECUM |
| UNITED STATES OF AMERICA<br>V.<br>ANTWUAN BALL, et al. | **SUBPOENA IN A CRIMINAL CASE**<br><br>CASE NUMBER: CR 05-100 (03) |

TO: Edgewood Management
c/o Corporation Service Company
1090 Vermont Avenue, NW
Washington, DC 20005

EXHIBIT 1

☒ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| The United States District Court for the District of Columbia<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Judge Roberts #22-A |
| | DATE AND TIME |
| | February 20, 2007 at 9:30 AM |

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or objects(s):

PLEASE SEE ATTACHED

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>NANCY MAYER-WHITTINGTON<br>[signature]<br>(By) Deputy Clerk | DATE<br>02/12/07 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001  (202) 333-5905

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | | |

**SERVED ON (PRINT NAME)**

**SERVED BY (PRINT NAME)** | **TITLE**

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER** (2)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

**ADDITIONAL INFORMATION**

(1) As is who may serve a subpoena and the manner of its service see Rule 17 (d)., Federal Rules of Criminal Procedure, or Rule 45 ©, Federal Rules of Civil Procedure.

(2) "Fees and mileage may not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45 (c). Federal Rules of Civil Procedure Rule 17 (d), Federal Rules of Criminal Procedures or on behalf of certain indigent parties and criminal Defendants who are unable to pay such costs (28 USC 1025, Rule 17 (b) Federal Rules of Criminal Procedures)"

**AN ATTACHMENT TO FEDERAL SUBPOENA**
**CASE NUMBER: CR 05-100 (  )**
Served by Joseph H. Aronstamn, Private Investigator
Records to Be Obtained From
Edgewood Management
Subpoena dated 02/12/07

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
   1.1. Dates of Birth
   1.2. Social Security Numbers
   1.3. Emergency contact information
   1.4. Forwarding addresses and phone numbers
   1.5. All information on employment, including but not limited to, name, address and telephone number of employer and dates of employment.
   1.6. All information on relatives, including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
   1.7. All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.
   1.8. Any and all information on business relationships or other relationships, including but not limited to; contracts, agreements, proposals, negotiations, notes, memos, letters, emails, files, time cards, W-2 Forms, tax documents, contact information and any and all documentation

2. **GREGORY BELL**
   2.1. Any and all records regarding Gregory Bell, including but not limited to;
      2.1.1. Employment records
      2.1.2. Proposals of business models submitted to Edgewood
      2.1.3. Involvement in any companies, organizations or other entities contracted or having business dealings with Edgewood Management
      2.1.4. Any notes, reports, memos or other materials

3. **RENE CUNNINGHAM**
   3.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
   3.2. Moved from Congress Park in 1998/1999

4. **1303 CONGRESS ST, UNIT #30, SE WDC**
   4.1. For the time period of June 2000
   4.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
   4.3. Who resides there now?

5. **GAIL PARSON**
   5.1. DOB: 8/12/60
   5.2. SSN: 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

6. **TOYA GIBBS**

7. **3401 13TH PL., SE UNIT #103**
   7.1. For the time period July 27, 2000
   7.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
   7.3. Who resides there now?

8. **CHARLETTE O'BRIEN**
   8.1. Moved out on 4/15/2004
   8.2. May have resided at 1326 Congress St, SE #6

9. **1330 CONGRESS ST, SE, UNIT #5**
   9.1. For the time period April 4, 2004
   9.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
   9.3. Who resides there now?

10. **MARY M. MCCLENDON**
    8.1 Date of Birth: 01/12/1952

11. **3408 13TH PL, SE UNIT #204**
    9.1 For the time period October 4, 2004
    9.2 Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

12. **EDGEWOOD MANAGEMENT EMPLOYEE PETE CLARK**
    12.1. He worked there approximately 2000-2004
    12.2. Possibly manager at rental office? Possibly grounds manager?
    *12.3. Supervisor for Gregory Bell*

13. **CONTINENTAL POOLS**
    13.1. Information on contacts with this company by Edgewood Management
    13.2. Contact information for this company

14. **HAMEL CONSTRUCTION**
    14.1. Information on contacts with this company by Edgewood Management
    14.2. Contact information for this company

15. **EAGLE TECHNOLOGIES /SECURITY**
    15.1. Information on contacts with this company by Edgewood Management
    15.2. Contact information for this company

16. **EDGEWOOD SECURITY MANAGEMENT**
    16.1. Security contract through Antwuan Ball's organization.

17. **OTHER BUSINESSES EDGEWOOD MANAGEMENT MAY HAVE INTERACTED WITH (Including but not limited to the following)**
    17.1. Making a Neighborhood Network
    17.2. Changing Neighborhoods into Communities,
    17.3. Capital Area Food bank
    17.4. Kimsey Foundation
    17.5. Step Foundation

**18. EDGEWOOD MANAGEMENT EMPLOYEE: BONNIE WILLIAMS**

**19. SHOOTINGS, MURDERS, ETC.**
   a. Any and all incidents of shootings, murders, or other acts of violence in the Congress Park housing that is under Edgewood Management and that there would be records for such incidents for the time period 2000 to 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Misc. No.: 1:07 MS 00069 |
| GREGORY BELL, et al., | ) ) ) | |

**ORDER**

UPON CONSIDERATION of Wallace "Pete" Clark's Motion for Protective Order, it is hereby:

ORDERED that Clark's Motion for Protective Order precluding the disclosure of any information relating to Mr. Clark or his relatives is GRANTED.

_____           _____
Dated                               Judge, United States District Court for the
                                    District of Columbia

WO 698798.1

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion for Protective Order, Statement of Points and Authorities in Support of Motion for Protective Order, and proposed Order was sent via first-class mail, postage prepaid, this 21st day of February 2007 to James Beane, Esq., 2715 M Street NW, Suite 200, Washington, D.C. 20001 (Counsel for Defendant Gregory Bell), to Assistant U.S. Attorney Glenn Leon, 555 4th Street NW, Room 4106, Washington DC 20530, and to Anne Magruder, Esq., 1889 Preston White Drive, Suite 200, Reston, VA 20191.

                                                                             _____
                                                                                Sarah E. Kleven