**RECEIVED**

MAR 0 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,     :
                              :
            v.                :
                              :     Misc. No. 0 6-103 (RWR)     7
                              :
                              :     07-06 9 ms
GREGORY BELL, *et al*,        :
                              :
            Defendant         :

**FILED**

MAR – 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OPPOSITION TO EDGEWOOD MANAGEMENT CORPORATION'S
MOTION FOR PROTECTIVE ORDER

COMES NOW Mr. Gregory Bell, by and through his attorney, James W. Beane, Jr., and

respectfully requests that this Court deny Edgewood Management Corporation's motion and

enforce its order requiring that Edgewood Management provide subpoenaed documents to Mr.

Bell.  In support of this request counsel states the following:

As the Court will recall on Friday February 23, 2007, a hearing was held on Edgewood

Management's motion for a protective order.   At that hearing Mr. Michael Carmody appeared

on behalf of Edgewood Management and after detailed review of the subject subpoena agreed to

abide by this Court's order and provide Mr. Bell with a portion of the documents requested.  At

that hearing undersigned counsel asked that the Court set a date by which Mr. Carmody would

provide the subject documents.  The Court declined to do so, stating that the Court preferred to

rely on Mr. Carmody's promise to act in good faith.  Mr. Carmody has reneged on his promise to

comply with this Court's order.  Instead of keeping his promise to this Court and counsel Mr.

Carmody filed yet another Motion for Protective Order on this pass Friday, March 2, 2007, after

the close of business.   Counsel believes that Mr. Carmody waited until the close of business so

that counsel and this Court could not scheduled an emergency hearing on Friday.  Mr. Carmody

and Ms. Magruder know that counsel is in trial from Monday to Thursday and that scheduling an emergency hearing before Friday the 9th will be difficult and will disrupt counsel's ability to represent his client.

The Court may recall that in the last proposed protective order Mr. Carmody and Ms. Magruder suggested Wednesday, February 28th, 2007 as the date on which they would make their initial disclosure. The Court may also remember that undersigned counsel alerted the Court to the fact that Ms. Magruder and Mr. Carmody had no intention of complying with this Court's order and would seek reconsideration of this Court's order. Mr. Carmody did as counsel predicted. The Court also instructed counsel to pick-up the phone and call the other counsel if there was an issue. Neither Mr. Carmody or Ms. Magruder called counsel. All involved know that counsel can be found in Courtroom 9 of this Courthouse before Judge Roberts, neither Ms. Magruder nor Mr. Carmody came to courtroom 9. Again these attorneys have no intention of complying with this Court's order. The trial in this matter began on Februay 13, 2007. The government has already called several witnesses, including two FBI agents who offered testimony regarding the activities in and around Congress Heights. Counsel was unable to cross-examine the FBI agents on Edgewood Management's role in the activities of Congress Park. Counsel was unprepared because of Ms. Magruder and Mr. Carmody's obstructionist behavior. This Court must put a stop to this behavior, Mr. Bell's liberty is at stake and his liberty interests must outweigh the financial interest of Ms. Magruder, Mr. Carmody and Edgewood Management.

BACKGROUND

On December 13, 2006, Mr. Joseph H. Aronstamn traveled to Congress Park Apartments

in Washington, D.C., to serve a subpoena requesting records needed to investigate the many

charges currently pending against Mr. Bell.  While at the Congress Park Apartments Mr.

Aronstamn spoke to Ms. De'Cola Jones who represented that she was an employee of Edgewood

Management Corporation.   Mr. Aronstamn explained to Ms. Jones that he needed to serve the

subpoena on the appropriate person.  In response to Mr. Aronstamn's requests Ms. Jones placed

a telephone call while Mr. Aronstamn waited.  Based on Ms. Jones' remark's Mr. Aronstamn

believed that Ms. Jones was speaking to someone at a law firm.  Ms. Jones then instructed Mr.

Aronstamn to direct the subpoena to Ms. Anne Magruder and he did so.

At approximately 4:40pm Ms. Jones "cc'd" Mr. Aronstamn on email she had sent to

Anne Magruder, John Noel, George Caruso, Charnita Robinson.  The email contained a scanned

copy of the subpoena that had been left with Ms. Jones.  Anne Magruder filed a motion to quash

the aforementioned subpoena, stating that the subpoena had been delivered to an employee of

Edgewood Management and that Mr. Arnonstamn had not tendered witness fees or mileage

fees[1].  Ms. Magruder's position was essentially that because Mr. Aronstamn had directed the

subpoena to Anne Magruder, Custodian of Records it had not been properly served therefore she

would not comply with the subpoena.

In an attempt to reasonably narrow the scope of the subpoena served on December 13,

counsel instructed Mr. Aronstamn to serve another subpoena on Edgewood Management.  On

January 16, 2007, Mr. Aronstamn delivered a new subpoena to Edgewood Management's

registered agent, Corporation Services Company, 1090 Vermont Avenue, NW, Washington, DC

20005.  The Subpoena was delivered to Ms. Renee Rice.  Ms. Magruder filed a motion to quash

---

[1] During a conference call between Ms. Magruder, Magistrate Judge Kay and counsel Ms.
Magruder admitted that the subpoena was clearly marked "*In Forma Pauperis.*"  Pursuant to rule
17(b) Ms. Magruder's argument is meritless.

this subpoena as well. Ms. Magruder restated her claims that Edgewood Management had not been properly served and that a witness fee had not been tendered.

On January 21, 2007, counsel was informed that an employee of Edgewood Management had made copies of the subpoena and placed copies of the subpoena under the apartment doors of several residents. Counsel contacted Ms. Magruder via letter and explained that this case involved allegations of murder and other violence. Counsel specifically cautioned Ms. Magruder that there were allegations of witness tampering and obstruction of justice and that Edgewood Management's action of placing copies of our subpoena beneath the doors of its residents was essentially engaging in obstruction of justice. Ms. Magruder's response was to send copies of her motion to quash Mr. Bell's subpoena to each of the defense attorney's as well as government counsel. It is common knowledge that residents of Congress Park are afraid of becoming witnesses in a criminal matter because of the level of violence. It is not difficult to see how the placing of subpoenas beneath the doors of residents can have the effect of causing witnesses to become unavailable.

On Monday, February 12, 2007, the Court permitted the parties to discuss this issue via a conference call. At that time counsel did not have his case file before him and based his response on the information before him. Ms. Magruder represented to the Court and counsel that the subpoena in question had not been served on Edgewood Management's registered agent. Based on the information before counsel at the time counsel did not dispute this claim. However, counsel has since had the opportunity to speak to Mr. Aronstamn and review the related case file and has determined that the subpoena in question had in fact been served on Edgewood Management's registered agent. Based in large part on Ms. Magruder's representation that the subpoena had not been served on Edgewood Management's registered

agent the court granted her motion to quash the subpoena.  At that time counsel did not object as

it seemed a reasonable course of action to simply reissue the subpoena and serve the registered

agent if such an action would achieve the goal of obtaining the requested documents.  Now,

however, it is clear that Ms. Magruder and Edgewood Management are intentionally avoiding

compliance with the subject subpoenas.  Ms. De'Cola Jones', who is most likely being advised

by Ms. Magruder failed to appear for Court today despite the fact that the subpoena had not been

quashed.  Ms. Jones' inexcusable absence was further evidence of Edgewood Management's

intentional obstruction of process flagrant interference with the judicial process.

Moreover, during the aforementioned conference call Ms. Magruder admitted that some

of the material being requested by Mr. Bell has already been provided to the government in

compliance with a subpoena issued by the United States Attorney's Office.  Specifically, Ms.

Magruder claimed that she would not give the requested information to "Murder Inc."  With the

possible exception of the indictment in this case Ms. Magruder does not know Mr. Bell or

counsel, thus any suggestion that counsel or Mr. Bell are any way related to "Murder Inc." is

pure speculation but provides insight into the possible motivations for Ms. Magruder's conscious

refusal to comply with Mr. Bell's properly served subpoena and affirmative misrepresentation

that the subject subpoena had not been served on Edgewood Management's registered agent.

Ms. Magruder also claims that she will need time to comply with Mr. Bell's subpoena

because of the volume of the documents requested.  This claim is without merit.  Ms. Magruder

has known since December 13, 2006, exactly which documents were being requested and has

taken absolutely no action to marshal the documents.   Ms. Magruder's affirmative

misrepresentation is further demonstrated by Ms. Magruder's admission that she had already

provided a portion of the documents to the United States Government.  This failure to act, if

indeed such a failure occurred, should not result in harm to Mr. Bell, rather Ms. Magruder should be ordered to immediately begin her search for the documents requested and provide them all no later than Friday, March 9, 2007.

During the aforementioned conference call, the parties also discussed a third subpoena that was issued to Ms. De'Cola Jones. Although, Ms. Magruder had filed a motion to quash the subpoena directed to Ms. Jones, the motion had not yet been referred to this Court. Ms. Magruder was informed that as far as the Court was concerned the subpoena for De'Cola Jones had not been quashed. Ms. Jones did not appear in Court on February 13, 2007 as directed in the subject subpoena. At the motions hearing held on Friday, March 23, the Court ordered that Ms. Jones appear so that Judge Robert's could instruct the witness to remain available until excused by counsel. Ms. Jones did appear, albeit late, and was admonished by Judge Roberts.

The trial in this matter began, February 13, 2007 and the government has begun presenting its witnesses. Several of the witnesses have offered testimony specifically addressing the Edgewood Management's role in thee government's allegations. And will continue to do so on Monday, March 5, 2007. The documents requested are vital to Mr. Bell's ability to properly cross-examine the government's witnesses as well as his ability to locate witnesses needed for his defense. Thus time is of the essence and Mr. Bell's freedom depends on our ability to mount an effective defense. We cannot afford to wait until Ms. Magruder and Mr. Carmody have completed their discovery game.

In an effort to ascertain a logical explanation for Ms. Magruder and Mr. Carmody's contemptuous behavior, counsel searched the ECF systems of this court, the United States District Court for the Eastern District of Virginia and the United States District Court for Maryland. This search disclosed that neither Ms. Magruder or Mr. Carmody have participated in

criminal matters if federal court[2]. However the search of the aforementioned ECF systems reveals that Ms. Magruder and Mr. Carmody have participated in approximately 12 civil cases in the local Federal Court combined.

Significantly, they have employed similar delaying tactic in several cases: *Hurly v. Smith Braedon Prop, et al*, 1:94-cv-01496-JHG, (no motions filed); Kahn, et al v. Louis Dreyfus, 1:96-cv-01772-RMU (motion to strike the defendant's demand for jury trial); *Eyzaguirre v. Gables Residential Company et al*, 1:05-cv-01873-ESH; *EEOC v. Whl, Inc.,* 1:93-cv-01178; (Motion to Extend Time to answer and respond to discovery, Motion to Extend Time to answer & respond to discovery); *Prubeta 1 v. Corporation for Open, et al*, 1:95-cv-01419; *Harding v. Williams Property, et al* (motion to quash) 1:96-cv-00895-JRH; *Enders, et al v. Ott, et al*, 1:94-cv-00171-WMN ( Motion to Extend Time in which to disclose expert witnesses and to extend discovery deadline, Motion to Quash notice of deposition, Motion to Quash plaintiff's request for admissions from defendant, Motion for Protective Order.); *Shoneys, Inc. v. Host Marriott Family, et al*, 8:99-cv-03240-PJM, *Nyberg, et al v. Bernard Livingston, et al*, 8:00-cv-00710-DKC; *Nyberg, et al v. Bernard Livingston, et al*, 8:00-cv-00709-DKC;

As indicated, Mr. Carmody and Ms. Magruder have played this game before. A review of *Washington Real Estates Investment Trust*, 1:03-cv-00406-TSE shows the manner in which they use this tactic to obstruct the judicial process. Ms. Magruder and Mr. Carmody filed the following objections in that case: (1) Objection by defendant Washington Real to The McGraw-Hill Companies, Inc.'s First Requests for Admissions; (2) Objection by defendant Washington Real to The McGraw-Hill Companies, Inc.'s First Set of Interrogatories (3) Objection by

---

[2] Counsel has not had the opportunity to search the local state court's so any representation that either Mr. Carmody or Ms. Magruder have at any point practiced criminal law must be weighed with the knowledge that they have already made significant misrepresentations to this Court.

defendant Washington Real to The McGraw-Hill Companies, Inc.'s First Set of Interrogatories;

(3) Objection by defendant Washington Real to The McGraw-Hill Companies, Inc.'s First Set of

Interrogatories; and (4) Objection by defendant Washington Real to The McGraw-Hill

Companies, Inc.'s First Request For Production of Documents.  The court responded to Ms.

Magruder's and Mr. Carmody's objections as follows:

> ORDER the Court finds that the objections interposed to the above-listed requests
> are uniformly frivolous, and they are overruled and stricken. The Court finds that
> dft's interrogatory answers and document responses, which purport to respond
> while continuing to assert objections, are improperly vague. Dft shall respond to
> the above-listed requests, and shall also serve amended responses to all other
> discovery that make clear whether any unprivileged material has been withheld.
> Dft shall also serve a detailed privilege log that establishes on its face that each
> withheld document is privileged under law of this Circuit. Dft shall serve this
> discovery on pltf's counsel by hand not later than 6/23/03. Pltf's counsel may file
> and serve a declaration in support of an award of counsel fees not later than
> 6/23/03. Dft shall respond not later than 6/30/03, showing cause if any why pltf
> should not recover all fees reasonably incurred in connection with this dispute
> since dft objections were served.

See Docket Sheet related to *McGraw-Hill Co. v. Washington Real Estates Investment
Trust*, 1:03-cv-00406-TSE.

Ms. Magruder and Mr. Carmody's behavior here is much like their behavior in *McGraw-

Hill Co. v. Washington Real Estates Investment Trust*, 1:03-cv-00406-TSE and this Court should

respond in the same fashion as United States District Court Judge T. S. Ellis, III.   Given their

lack of experience in criminal matters one might be inclined to believe that Mr. Carmody and

Ms. Magruder were acting in good faith and simply did not understand the gravity of their

actions, however given their record in civil matters that belief is clearly wrong.  They know full

well what they are doing and the effect their actions are having on Mr. Bell's ability to mount a

defense.

It is shocking to observe the lengths to which these people will go to achieve their goal of

delaying Mr. Bell's access to these documents. To date they have lied and misled this Court on a number of occasions. The latest example of their behavior can be found on the first page of their statement of points and authorities in support of their motion for protective order where Mr. Carmody repeats his promise that he is prepared to comply with the Order of this Court. The Court will recall that Mr. Carmody made this very same promise on Friday, February 23, 2007. Mr. Carmody and Ms. Magruder have represented to the Court that there reason for making these objections is to provide their practice with sufficient cover to protect them from their clients. Mr. Carmody said that should the Court enter an order they would be able to provide the documents. The Court issued the order as requested by Mr. Carmody, yet he continues to refuse to follow the Court's order. Thus, his new claim that he his willing to comply with the order of this Court is just as false as the promise he made on Friday, February 23, and cannot again be trusted.

As indicated above this is a favored tactic of Mr. Carmody and Ms. Magruder. When haggling over the amount of money their client pays out to another party this type of behavior may be considered acceptable. But in a situation such as this, where a man's life and liberty are at stake this behavior is inexcusable and must be stopped. Counsel and the Court are well aware of Ms. Magruder's unsubstantiated belief that Mr. Bell is guilty of murder, but that erroneous belief is no excuse for showing such disrespect for this Court. Ms. Magruder and Mr. Carmody have repeatedly lied to this Court and on Friday evening they continued their deceitful behavior. Ms. Magruder claimed that Corporation Services Company, 1090 Vermont Avenue, NW, Washington, DC 20005, was not their registered agent, they represented that should Mr. Bell obtain proper service on their registered agent they would seek a proactive order and provide the documents, they then claimed that should this Court issue an order they would comply.

Corporation Services Company, 1090 Vermont Avenue, NW, Washington, DC 20005 is in fact their registered agent, Mr. Bell obtained proper service on their registered agent, United States Corporation Co., this Court has ruled on their motion for a protective order and entered an order, per their request and still they have refused to comply with the order of this Court. This Court cannot continue to permit these two to continue their willful interference with Mr. Bell's right to a fair trial.

Accordingly, Mr. Bell requests that this Court deny Mr. Carmody's motion for protective order and order that he immediately provide Mr. Bell with the subject documents. Further, Mr. Bell requests that this Court order Mr. Carmody to deliver the documents responsive to the subject subpoena to undersigned counsel's office each Friday afternoon until they have fully complied. These documents should be delivered to counsel by courier before the close of business.

Counsel filed a motion for an order to show cause why Ms. Magruder should not be held in contempt of court. This Court indicated that it would hold that motion in abeyance – counsel requests that this court grant a hearing on that motion at this time. Counsel request that this Court deny Mr. Carmody's motion and order that the documents be turned over to counsel with a hearing. However, should the Court feel that a hearing is necessary counsel request that the hearing be held as soon as possible given that Mr. Bell is currently in the subject trial. Counsel suggests that this Court hold a hearing on the motions Tuesday, March 6, 2007 at 9:00 am or 3:00 pm. Counsel has requested an expedited copy of the transcript of the Friday March 23rd hearing and understands that due to a malfunction in the Court's recording system it will take more than a day to produce the transcript. Counsel has also alerted Judge Roberts to this situation so that he may accommodate such a hearing. Judge Robert's asks that if the Court determines

that such a hearing is required that it be held during one of the breaks the Court regularly takes

during the day.   Further, Counsel request the personal appearance of both Ms. Magruder and Mr.

Carmody so that their be no misunderstanding of what the Court orders.


Respectfully submitted,

/s/

James W. Beane, Jr.
D.C. Bar 444902
2715 M Street, N.W.
Suite 200
Washington, DC  20007

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion has been served upon Anne Magruder, via facsimile (703-766-4409) and first class mail, 1889 Preston White Drive, Suite 200, Reston, Va. 20191, on this 5th day of March, 2007.

Respectfully submitted,

/s/

James W. Beane, Jr.